UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN ANDRESS,

             Plaintiff,

    v.

COMMONWEALTH OF KENTUCKY,
COMMONWEALTH OF FRANKLIN COUNTY,
MARK MILLER, *Comm'r of State Police of Kentucky,*
LARRY CLEVELAND, FRANKLIN COUNTY
COMMONWEALTH ATTORNEY, EBAY and
MARK THOMAS,

             Defendants.

**DECISION AND ORDER**
05-CV-310S

## I. INTRODUCTION

On May 4, 2005, Plaintiff Alan Andress commenced this civil rights action under 42 U.S.C. § 1983.  Presently before this Court are Motions to Dismiss Plaintiff's Complaint filed by the Commonwealth of Kentucky, Mark Miller, Larry Cleveland, Franklin County Commonwealth Attorney and Mark Thomas.  For the reasons discussed below, this Court finds that it lacks personal jurisdiction over the defendants in this action.  Defendants' motions seeking dismissal based on jurisdictional grounds will therefore be granted and this case will be transferred to the United States District Court for the Eastern District of Kentucky.

## II. BACKGROUND

### A.    Facts

In adjudicating Defendants' Motions to Dismiss, this Court assumes the truth of the following factual allegations contained in the Complaint.  See Hosp. Bldg. Co. v. Trs. of

1

Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff is a resident of the State of New York.  (Complaint, ¶ 1.)  Defendants Mark Thomas, Mark Miller and Larry Cleveland are residents and employees of the State of Kentucky.  (Complaint, ¶ 2.)  Defendant Mark Miller is a Kentucky State police officer. (Complaint, ¶ 2.)  Defendant Larry Cleveland is a county prosecutor in the County of Frankfurt in Kentucky.[1]  (Complaint, ¶¶ 2, 3.)  The Complaint does not specify Defendant Thomas's position with the State.

On June 29, 2003, Plaintiff sold Defendant Thomas a 1969 Airstream Land Yacht through the Internet auction site Ebay for $3,800.  (Complaint, ¶ 4.)  Defendant Thomas paid for the item by cashiers check.  (Complaint, ¶ 4.)  Plaintiff advised Defendant Thomas that he could pick up the Land Yacht during normal business hours on any business day after providing telephone notice.  (Complaint, ¶ 4.)  Plaintiff required telephone notice so that he could get the transfer papers notarized ahead of time.  (Complaint, ¶ 4.)

On Saturday, August 9, 2003, at 11:30 p.m., Defendant Thomas's wife and father arrived at Plaintiff's place of business without prior notice and demanded the title and registration papers for the Land Yacht.  (Complaint, ¶ 4.)  Plaintiff was apparently unable to give Defendant Thomas's wife the requested paperwork, at which point she telephoned Defendant Thomas, who was in Kentucky.  (Complaint, ¶ 4.)  Defendant Thomas advised his wife that there were liens on the trailer,[2] which Plaintiff denied.  (Complaint, ¶ 4.)

---

[1]It is unclear whether Defendant Larry Cleveland and separately named Defendant Franklin County Commonwealth Attorney are in fact two different individuals.

[2]It is unclear whether the "trailer" and the Land Yacht are the same thing.

Defendant Thomas's wife then demanded that Plaintiff return Defendant Thomas's $3,800 and pay her expenses, which Plaintiff refused to do.  (Complaint, ¶ 4.)  Defendant Thomas's wife at some point during the confrontation also indicated that she would take the Land Yacht for $1,500, which Plaintiff also refused.  (Complaint, ¶ 4.)

At some point after this encounter, Defendant Thomas filed a report with the New York State Police.[3]  (Complaint, ¶ 4.)  The police investigated Defendant Thomas's report, found no wrongdoing on Plaintiff's part, and telephoned Defendant Thomas to advise him that he should return and pick up the trailer.  (Complaint, ¶ 4.)

Plaintiff alleges that instead of returning to pick up the trailer, Defendant Thomas, together with Defendant Larry Cleveland, commenced an illegal and abusive extradition proceeding against him in Kentucky based on an illegal Indictment.  (Complaint, ¶ 4.)  Plaintiff was subsequently arrested on a fugitive warrant in New York.[4]  (Complaint, ¶ 4.)  He was incarcerated for three days, then released on $500 bail, then incarcerated for a second period of three days.  (Complaint, ¶ 4.)  On the advice of his counsel, Plaintiff at some point returned to Defendant Thomas the $3,800 he paid for the Land Yacht in exchange for dismissal of the charges Defendant Thomas filed against him in Kentucky.  (Complaint, ¶ 4.)

Plaintiff alleges that at all times relevant he had clean title to the trailer and was ready, willing, and able to perform his part of the transaction.  (Complaint, ¶ 5.)  He maintains that "Defendants were calculated to extort money from Plaintiff, on a deal that

---

[3]The Complaint contains no details regarding the substance of this report.

[4]The Complaint does not identify the law enforcement agency that effectuated Plaintiff's arrest.

the Defendant Thomas changed his mind on and did not want to go through with."
(Complaint, ¶ 6.)  Plaintiff alleges that he sustained damage to his personal and business
reputation and that he and his family "sustained severe psychic injury and suffered great
losses in his business."  (Complaint, ¶ 8.)

> **B.    Procedural History**

Plaintiff commenced this action by filing a Complaint in the United States District
Court for the Western District of New York.  Defendants Larry Cleveland and Franklin
County Attorney filed their Motion to Dismiss on August 19, 2005.   Defendants
Commonwealth of Kentucky, Mark Miller and Mark Thomas filed their Motion to Dismiss
on August 26, 2005.  Plaintiff filed the Affirmation of Richard D. Grisanti, Esq., in joint
opposition to both motions on October 1, 2005.   Thereafter, on October 17, 2005,
Defendants Larry Cleveland and Franklin County Attorney joined in the Motion to Dismiss
filed on August 26, 2005, by the other moving defendants. This Court took the motions
under advisement without oral argument.[5]

## III. DISCUSSION

**A.    Motion to Dismiss Standard**:  **Rule 12(b)(2)**[6]

On a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil
Procedure, the plaintiff bears the burden of establishing that a court has personal
jurisdiction over the defendant.   Robinson v. Overseas Military Sales Corp., 21 F.3d 502,

---

[5]Defendants Commonwealth of Franklin County and Ebay have not filed Motions to Dismiss, nor
is it clear whether either or both have been properly served in this action.  In any event, this Court finds
that it lacks personal jurisdiction over them for the same reasons applicable to the moving defendants as
discussed herein.

[6]Because this Court finds personal jurisdiction over Defendants to be lacking, it offers no opinion
on and will not address the alternate grounds for dismissal argued by Defendants.

507 (2d Cir. 1994).  Where a court declines to conduct an evidentiary hearing on such

motion, a plaintiff need make only a *prima facie* showing of personal jurisdiction through

affidavits and supporting materials.   Bank Brussels Lambert v. Fiddler Gonzalez &

Rodriquez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Marine Midland Bank v. Miller, 664

F.2d 899, 904 (2d Cir. 1981)).  Ultimately, "the plaintiff's prima facie showing, necessary

to defeat a jurisdiction testing motion, must include an averment of facts that, if credited

by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."

Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  Where the

issue of personal jurisdiction is resolved on affidavits, the allegations are construed in the

light most favorable to plaintiff, and all doubts are resolved in plaintiff's favor.  A.I. Trade

Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

**B.      Personal Jurisdiction**

As previously noted, "[t]he Plaintiff bears the burden of establishing that the court

has [personal] jurisdiction over the defendant when served with a Rule 12(b)(2) motion to

dismiss."  Whitaker v. Amer. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citing

Robinson, 21 F.3d at 507).  A plaintiff may meet this burden "by pleading in good faith . .

. legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of

jurisdiction."  Id. (quoting Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998)

(internal citations omitted)).   A plaintiff can make such a prima facie showing through

affidavits and supporting materials containing sufficient facts which, if credited, would

establish personal jurisdiction over the defendant.  Metro. Life Ins., 84 F.3d at 567.  In

determining whether a plaintiff has made this showing, however, a court is not obligated

to draw "argumentative inferences" in plaintiff's favor.  Robinson, 21 F.3d at 507 (citing

<u>Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992)).

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits – subject of course, to certain constitutional limits of due process." <u>Robinson</u>, 21 F.3d at 510 (internal citations omitted). To resolve the issue of whether personal jurisdiction over a defendant exists, district courts must apply a two-part analysis. <u>Bank Brussels</u>, 171 F.3d at 784. Specifically, the court must first determine whether there is jurisdiction over the defendant under the relevant forum state's laws. <u>Metro. Life Ins.</u>, 84 F.3d at 567. If personal jurisdiction exists under the forum state's laws, the district court must then determine if the exercise of such jurisdiction complies with federal due process requirements. <u>Id.</u>

As such, this Court must first examine if the exercise of jurisdiction over Defendants, all of whom reside in Kentucky or are governmental entities in Kentucky, is appropriate under New York's long-arm statute.[7] <u>See</u>, <u>e.g.</u>, <u>Bensusan Rest. Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997); <u>Whitaker</u>, 261 F.3d at 208. New York's long-arm statute, N.Y. C.P.L.R. § 302(a), authorizes the exercise of personal jurisdiction over non-domiciliaries in certain circumstances. Specifically, a court may exercise personal jurisdiction over any non-domiciliary, who "commits a tortious act [outside] the state causing injury to person or property within the state, if he (I) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect

---

[7]Ebay's domicile has not been pled in the Complaint, nor is it addressed by the Grisanti Declaration. This Court further notes that there is no allegation in the Complaint that Ebay is a state actor for purposes of § 1983 liability.

the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  See N.Y. C.P.L.R. § 302(a)(3).

To determine whether there is injury in New York such that long-arm jurisdiction is appropriate, a court must generally apply a 'situs-of-injury' test, which asks the court to identify the "'original event which caused the injury.'" Whitaker, 261 F.3d at 209 (citing Bank Brussels, 171 F.3d at 791).  The Second Circuit has consistently held that "[t]he situs of the injury is the location of the original event that caused the injury, not where the resultant damages are [subsequently] felt by the plaintiff."  Whitaker, 261 F.3d at 209 (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)); see also Herman v. Sharon Hospital, Inc., 522 N.Y.S.2d 581 (N.Y. App. Div. 1987) (holding in a medical malpractice case that the situs of the injury is the place where a plaintiff received medical treatment, not where the effects of the doctor's negligence are felt.).

Here, none of the defendants are alleged to be domiciliaries of New York. Moreover, Plaintiff alleges that his civil rights were violated (i.e., he was injured) when he was arrested on the fugitive warrant.  (Complaint, ¶ 4; Grisanti Decl., p. 2.)  The fugitive warrant was issued as a result of the allegedly false indictment and "illegal and abusive process in the guise of an Extradition proceeding in Kentucky."  (Complaint, ¶ 4.)  It is thus clear from the Complaint that the situs of Plaintiff's alleged injury is Kentucky, where the allegedly illegal Indictment was returned and where the allegedly unlawful extradition proceedings took place.  The return of the Indictment against Plaintiff and the ensuing extradition proceedings are the original events that caused Plaintiff to be arrested on the fugitive warrant.  Plaintiff's counsel concedes as much in his Declaration.  See Grisanti Declaration, p. 2 ("Plaintiff's actual physical civil rights were violated . . . *because of*

7

*Defendants* [sic] *Extradition proceeding.* (Emphasis added).)   As such, the situs of Plaintiff's injury is Kentucky.  See Whitaker, 261 F.3d at 209.  Plaintiff has failed to allege a New York injury or a "factual predicate sufficient to authorize jurisdiction" over Defendants under N.Y. C.P.L.R. § 302(a).  Id.  As such, this Court finds that it cannot lawfully exercise personal jurisdiction over the defendants under New York's long-arm statute.

Even assuming that personal jurisdiction was permitted under New York's long-arm statute, "the Due Process Clause limits the exercise of jurisdiction to persons having certain 'minimum contacts' with the forum state." Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)).  Consistent with due process, a court may only exercise personal jurisdiction over a defendant whose "'conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there.' "  Burger King Corp., 471 U.S. at 474   (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980)).  Thus, to justify exercise of personal jurisdiction, there must be a requisite showing of "'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Burger King Corp., 471 U.S. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239- 40, 2 L. Ed. 2d 1283 (1958)).  This Court finds that Plaintiff has failed to make this requisite showing.

For the foregoing reasons, this Court finds that Plaintiff has failed to make a *prima*

*facie* showing that this Court has personal jurisdiction over any of the defendants. Consequently, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction. In so finding, this Court notes that dismissal for lack of subject matter jurisdiction is not a decision on the merits. See Robinson, 21 F.3d at 507 n.4.

**C.    Transfer**

In the interests of justice, this Court will transfer this action to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).[8]  A district court retains the power to transfer a case pursuant to 28 U.S.C. § 1406(a) despite the lack of personal jurisdiction. See Dictaphone Corp. v. Gagnier, No. 3:05CV266, 2006 WL 726675, at *5 (D. Conn. Mar. 22, 2006) (citing Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 79 (2d Cir. 1978)).  In this Court's view, transfer of this case is warranted given its infancy, the lack of prejudice to Defendants, and the possibility that outright dismissal may prejudice Plaintiff's ability to file his claim anew. See Dictaphone, 2006 WL 726675, at *5 (transferring case for similar reasons after finding no personal jurisdiction). Again, this Court offers no opinion on the merits of Defendants' alternative arguments for dismissal, which are reserved for the transferee court.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's Complaint must be dismissed for lack of personal jurisdiction. However, this Court will transfer this case to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a) in the interests of justice.

---

[8]Twenty-eight U.S.C. § 1406(a) provides as follows:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

9

## V.  ORDERS

IT HEREBY IS ORDERED, that the Motion to Dismiss filed by Defendants Larry Cleveland and Franklin County Attorney (Docket No. 3) is GRANTED.

FURTHER, that the Motion to Dismiss filed by Defendants Commonwealth of Kentucky, Mark Miller and Mark Thomas (Docket No. 6) is GRANTED.

FURTHER, that this case shall be transferred to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).

FURTHER, that the Clerk of the Court shall take the steps necessary to transfer this case to the Eastern District of Kentucky and then close this case.

SO ORDERED.

Dated:      March 31, 2006
            Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                       United States District Judge