UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN ANDRESS,

          Plaintiff,

v.                                                                 **ORDER**
                                                                   05-CV-310S

COMMONWEALTH OF KENTUCKY,
COMMONWEALTH OF FRANKLIN COUNTY,
MARK MILLER, *Comm'r of State Police of Kentucky,*
LARRY CLEVELAND, FRANKLIN COUNTY
COMMONWEALTH ATTORNEY, EBAY and
MARK THOMAS,

          Defendants.


It has come to this Court's attention that the parties seek clarification of this Court's Decision and Order (Docket No. 13) resolving the motions to dismiss filed in this case. As discussed therein, this Court found that it lacked personal jurisdiction over the defendants and that dismissal of the Complaint from *this* Court would therefore be proper. However, this Court did not, and did not intend to dismiss any of the claims or defendants from this action, as noted by the reservation of Defendants' alternate arguments to the transferee court, and the expressed concern that outright dismissal may prejudice Plaintiff's ability to file his claims anew. Rather, this Court transferred the case, in its entirety, to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).

Accordingly, this Court's Decision and Order (Docket No. 13) is properly read as transferring this entire case to the Eastern District of Kentucky. This Court did not dismiss any claims or defendants. It simply found a lack of personal jurisdiction in this Court and transferred the case.[1]


SO ORDERED.


Dated:   July 13, 2006
        Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                  United States District Judge

---

[1] It appears that some ambiguity arises from the "Orders" section of the Decision and Order, wherein this Court granted the Motions to Dismiss. The parties apparently believe that some defendants or claims were dismissed by this Court and therefore *not* transferred. However, the motions to dismiss included alternative requests for relief in the form of transfer to the Eastern District of Kentucky. Since these alternative requests for relief were granted, the motions were granted as a technical matter. In hindsight, granting the motions in part and denying them in part may have been a clearer way to proceed.